**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL SALUS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE OF NEVADA, *ex. Rel. Board of* ) <br> *Regents of the Nevada System of Higher* ) <br> *Education, on behalf of* UNIVERSITY OF ) <br> NEVADA, LAS VEGAS, a political ) <br> subdivision of the State of Nevada; ) <br> KAREN WEST, *Individually and as Dean* ) <br> *of the School of Dental Medicine of the* ) <br> *University of Nevada, Las Vegas*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:10-cv-01734-GMN-GWF <br><br> **ORDER** |

**INTRODUCTION**

Before the Court is Defendants, The State of Nevada ex rel. Board of Regents of Nevada System of Higher Education, on behalf of University of Nevada, Las Vegas (collectively "UNLV") and Karen West's Motion to Dismiss (ECF No. 2). Plaintiff Daniel Salus filed a Response (ECF No. 9) and Defendants filed a Reply (ECF No. 11).

**FACTS AND BACKGROUND**

Plaintiff Daniel Salus was a student at University of Nevada, Las Vegas School of Dental Medicine from August 2007 until June 2010. (Compl. ¶9, ECF No. 1–1.) In June 2010, Karen West, Dean of the School of Dental Medicine, issued a decision that Daniel Salus be suspended from the University's dental program due to the fact that he had allegedly failed two exams. (*Id.*) Plaintiff attempted to appeal the decision pursuant to the terms of the University's School of Dental Medicine Student Handbook but was apparently denied any appeal process. (*Id.* at ¶¶ 10-11.) Plaintiff alleges that he was denied the opportunity to appeal in retaliation for him asserting

his due process and civil rights in prior disputes with West and other faculty members and administrators. (*Id.* at ¶ 12.)  As a result of his suspension, Plaintiff asserts that he is unable to fulfill his duties as a member of the United States Armed Forces, which requires him to be enrolled in dental school and to provide dental services. (*Id.* at ¶ 13.)

Plaintiff asserts six causes of action: (1) due process and equal protection violations under 42 U.S.C. §1983; (2) breach of contract; (3) negligence and negligent hiring, training, and supervision; (4) intentional and negligent infliction of severe mental distress; (5) injunctive and declaratory relief; and (6) defamation, libel and slander per se.

## DISCUSSION

### I.    LEGAL STANDARD-MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim.  *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## II.   CONSTITUTIONAL CLAIMS

Plaintiff alleges "a *de facto* policy of Defendant UNLV, which is implemented by Deans and other employees… who chose to violate Plaintiff's constitutional rights" (Compl. at ¶16.) It further alleges "[s]upervisory and policy making officers and officials of said Defendants have known the existence of the *de facto* policy described above for a substantial period of time." Plaintiff alleges substantive and procedural due process denial of his rights arising from this *de facto* policy. *See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690 n. 55, 691, 98 S.Ct. 2018 (1978). "[T]he Supreme Court has expressly declined to extend Monell's theory of municipal liability under § 1983 to state entities." *Krainski v. Nevada ex rel. Bd. of*

*Regents of Nevada System of Higher* Education, 616 F.3d 963 (9th Cir. 2010) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304 (1989)). Accordingly, Plaintiff may not bring an action against UNLV or the UNLV employees in their official capacities under *Monell.*

However, it appears undisputed that injunctive relief may be imposed against the individual Defendants sued in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (citations omitted). Therefore, Plaintiff's claims do survive to the extent they are seeking injunctive relief against Dean West. Moreover, this does not prevent Plaintiff from bringing claims against the UNLV employee in her personal capacity. However, West may be entitled to qualified immunity.

### A.     Qualified Immunity

"State officials are entitled to qualified immunity from suits for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 968 (9th Cir. 2010)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)). "Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *al-Kidd v. Ashcroft*, 580 F.3d 949, 964 (9th Cir.2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001)). "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508 (2002) (internal quotation marks omitted).

Plaintiff alleges that West violated his procedural and substantive due process rights by suspending him from the dental program without notice and a hearing and thereafter by refusing to allow him to appeal his suspension according to the University's School of Dental Medicine Student Handbook.

          i.        Procedural Due Process

A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection. *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir.1998). Defendants do not contest that Plaintiff has a property interest in his education. Instead they argue that he was given adequate procedural protection.

In the context of school suspensions, the Supreme Court has distinguished between the due process required for suspensions for academic reasons and suspensions related to discipline or conduct. *Bd. of Curators of the Univ. of Missouri. v. Horowitz*, 435 U.S. 78, 98 S.Ct. 948 (1978). The Supreme Court in *Horowitz* was faced with a situation where a student was dismissed for academic reasons. The Court held that there was no violation of due process where the student was fully informed of faculty dissatisfaction with her clinical progress and the consequent threat of her graduation and continued enrollment notwithstanding lack of a formal hearing. It further held that dismissals for academic (as opposed to disciplinary) cause do not necessitate a hearing before a school's decision-making body.

Plaintiff argues that the minimal requirement of due process before a student is suspended is a notice and a hearing under *Goss v. Lopez*, 419 U.S. 565 (1975). However, *Goss* had to deal with a student's suspension following a student's misconduct. The Supreme Court in *Horowitz*, specifically distinguished *Goss* and held that no such hearing was required for academic suspension. In fact, all of the cases cited by Plaintiff for the proposition that notice and a hearing must be held, deal with misconduct and not academic suspensions. *See Dixon v.*

*Alabama State Board of Education*, 294 F.2d 150 (5th Cir. 1961)(students expelled for misconduct); *Marin v. University of Puerto Rico*, 377 F.Supp.613 (D.P.R. 1974) (suspension of students for alleged misconduct); *Fellheimer v. Middlebury College*, 869 F.Supp. 238, 246-247 (D. Vt. 1994)(student faced with disciplinary charges for misconduct); *Crook v. Baker*, 584 F.Supp. 1531, 1556 (E.D. Mich. 1984)(student charged with fabricating data underlying his thesis was entitled to a hearing).

Defendants argue that Plaintiff does not allege that he was not fully informed via the Dental Medicine Student Handbook and the Joint Commission on National Dental Examinations (JCNDE) that he would not be allowed to continue on to his fourth year of school until he passed Part I of the National Board of Dental Examinations (NBDE). Under *Horowitz*, it appears that there would be no need for a hearing unless Plaintiff can prove that he was not fully informed of his academic requirements. Plaintiff does not allege any facts regarding whether he was or was not put on notice of being suspended if he failed two exams. Accordingly, this claim is dismissed with leave to amend.

          ii.     Substantive Due Process

The use of substantive due process to extend constitutional protection to economic and property rights has been "largely discredited." *Armendariz v. Penman*, 75 F.3d 1311, 1318–19 (9th Cir. 1996). Substantive due process primarily protects those liberties "deeply rooted in this Nation's history and tradition," *Moore v. East Cleveland*, *Ohio,* 431 U.S. 494, 503, 97 S.Ct. 1932, (1977), such as marriage, procreation, contraception, family relationships, child rearing, education, and an individual's bodily integrity. *See Planned Parenthood v. Casey*, 505 U.S. 833, 851, 112 S.Ct. 2791, (1992); *Armendariz*, 75 F.3d at 1319.

Whether a student who is subject to academic dismissal may maintain a cause of action for the violation of his right to substantive due process remains an open question. *See Regents of the Univ. of Michigan v. Ewing*, 474 U.S. 214, 222–23, 106 S.Ct. 507 (1985). However courts

have allowed such suits to proceed based on an assumption that such a right exists. *See Richmond v. Fowlkes*, 228 F.3d 854 (8th Cir. 2000). To constitute a violation of substantive due process, the school official's action must have been based on unconstitutional criteria or have been arbitrary and capricious. *See Ewing*, 474 U.S. 214.

Further, Plaintiff also argues that it would be a violation of his substantive due process rights for Defendant West to ignore the school's own due process safeguards. *See generally Ahlum v. Administrators of the Tulane Educ. Fund*, 617 So.2d 96, 98–99 (La. Ct. App. 1993). It is unclear whether or not this claim should be dismissed. The Court will allow this claim to go forward to determine if the actions of Dean West were arbitrary and capricious.

### iii.    Equal Protection

An equal protection claim requires a showing that the state actor treated classes of people differently based on their class without justification, "[t]he Equal Protection Clause ensures that all persons similarly situated should be treated alike." *Squaw Valley Dev. Co.* v. *Goldberg,* 375 F.3d 936, 944 (9th Cir. 2004). Plaintiff does not allege any facts that he was treated differently than similarly situated students. Plaintiff must allege some facts that would give rise to an inference that Plaintiff was treated differently than the other students. Just reciting the elements does not state a claim…etc. Accordingly this claim is dismissed with leave to amend.

## III.    STATE LAW CLAIMS

### A.    Breach of Contract

Defendants argue that West should be dismissed from Plaintiff's breach of contract claim because there are no allegations that West was a party to a contract. Plaintiff alleges that he has an express and implied contract with Defendants in connection with the rights explicitly guaranteed by UNLV pursuant to the University's School of Dental Medicine Student Handbook, NSHE Code, and the UNLV Student Handbook. In his Response, Plaintiff does not address Defendants' arguments that West should be dismissed from this cause of action. Instead

Plaintiff only addresses a contractual relationship that was allegedly formed with the University. Accordingly, the Court finds that Plaintiff has not stated a breach of contract claim against Defendant West. Plaintiff will be allowed to amend the complaint if he can allege facts that Dean West was a party to a contract with Plaintiff.

However, the court does find that Plaintiff has alleged a claim against UNLV for breach of contract. Plaintiff alleges that the University's School of Dental Medicine Student Handbook, NSHE Code, and the UNLV Student Handbook create a contractual relationship obligating the University to follow its established procedures. Plaintiff sufficiently alleges that a contract was formed with UNLV arising from the rights guaranteed to him in the conduct codes, that UNLV breached the contract and that Plaintiff was damaged.

B.  Negligence

To state a claim for a negligence under Nevada law, a plaintiff must allege (1) duty, (2) breach, (3) causation, and (4) damages. *Wiley v. Redd*, 885 P.2d 592, 595 (Nev. 1994). Plaintiff asserts that Defendants owed a duty of care to their students who paid tuition to the University and that they breached this duty by refusing to treat Plaintiff with fundamental fairness and afford him due process as promised in the conduct codes. Plaintiff does not cite to any authority that a university owes a general duty of care. This court does not find that there is such a general duty of care. *See Lucey v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Education*, 2007 WL 4563466, *6, Case No. 2:07-cv-00658-RLH-RJJ (D.Nev., Dec. 18, 2007) (citing *Johnson v. State*, 894 P.2d 1366, 1368 (Wash.App.Ct.1995) (universities owe no general duty of care to their students). Accordingly the Court dismisses Plaintiff's claim for negligence without leave to amend.

C.  Negligent Hiring, Training and Supervision

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the

position." *Burnett v. C.B.A. Sec. Serv., Inc.,* 820 P.2d 750 (Nev.1991). An employer breaches this duty if he hires an employee when he knew or should have known of the employee's dangerous propensities. *Hall v. SSF, Inc.*, 930 P.2d 94 (Nev.1996).

Plaintiff alleges that "Defendant UNLV had a duty to protect … Plaintiff, from the illegal actions of their own agents, officers, employees and others" and that "Defendant UNLV had the duty not to hire individuals with a propensity towards committing unlawful acts against the public, and to adequately train and supervise their employees." Plaintiff does not state specific facts but instead makes conclusory allegations. The complaint does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Merely, making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled. Accordingly, the Court dismisses this claim with leave to amend.

D. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, a plaintiff must prove: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev.2000). For conduct to be extreme and outrageous it must rise to a level that is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev.1998). Plaintiff's complaint is devoid of any factual content regarding any conduct that is so extreme and outrageous to satisfy the first element for IIED. Therefore this claim is dismissed with leave to amend.

E. Negligent Infliction of Emotional Distress

The tort of negligent infliction of emotional distress historically compensated a bystander

for suffering serious emotional distress resulting in physical symptoms caused by apprehending the death or serious injury of a loved one due to a defendant's negligence. *Chowdhry v. NLVH*, 851 P.2d 459, 462 (Nev.1993). Nevada has extended this tort where the defendant committed the negligent act directly against the plaintiff. *Id.* Where the plaintiff's emotional distress damages "are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Olivero*, 995 P.2d at 1026.

Plaintiff's Complaint contains no allegations asserting that his severe emotional distress manifested into physical injury or illness. Plaintiff alleges only that his mental distress has caused him "to suffer great mental and emotional harm, anguish, insecurity, self-revulsion, damage to his self-esteem and self-worth, shame and humiliation, including but not limited to severe and clinical depression, anxiety, loss of sleep, and change of appetite." (Compl. at ¶ 36.) Accordingly, this claim is dismissed without leave to amend.

### G. Defamation, Libel and Slander Per Se

In order to establish a prima facie case of defamation, a plaintiff must prove: (1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Chowdhry,* 851 P.2d at 462. Libel, as defined by Nevada statue is:

> a malicious defamation, expressed by printing, writing, signs, pictures or the like, tending to blacken the memory of the dead, or to impeach the honesty, integrity, virtue, or reputation, or to publish the natural defects of a living person or persons, or community of persons, or association of persons, and thereby to expose them to public hatred, contempt or ridicule.

NRS 200.510(1); *Wynn v. Smith*, 117 Nev. 6, 11, 16 P.3d 424, 427 (Nev.2001).

Plaintiff's Complaint states: "Defendants' conduct . . . severely harmed the reputation

and character of the Plaintiff with the making of false statements to third parties, both orally and in writing. …Plaintiff has suffered loss of reputation, shame, mortification and hurt feelings as a result of the Defendants' deliberate, malicious, intentional, and oppressive conduct." Plaintiff again is simply making allegations that are merely consistent with liability.  Plaintiff alleges no facts that any defamation was in writing or the like; however he alleges a claim for libel.  He must plead facts that a particular defendant may plausibly be liable for the alleged conduct.  Accordingly, this cause of action is dismissed with leave to amend.[1]

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants, The State of Nevada ex rel. Board of Regents of Nevada System of Higher Education, on behalf of University of Nevada, Las Vegas (collectively "UNLV") and Karen West's Motion to Dismiss(ECF No. 2) is **GRANTED in part** and **DENIED in part consistent with this Order**.

Plaintiff's first cause of action for violation of his procedural and substantive due process rights and his equal protection rights is **DISMISSED without prejudice**.

Plaintiff's claim for Breach of Contract is **DISMISSED against Defendant West without prejudice**.

Plaintiff's claim for Negligence is **DISMISSED with prejudice**.

Plaintiff's claim for Negligent Hiring, Training and Supervision is **DISMISSED without prejudice**.

Plaintiff's claim for Intentional Infliction of Emotional Distress is **DISMISSED without prejudice**.

Plaintiff's claim for Negligent Infliction of Emotional Distress is **DISMISSED with prejudice**.

---

[1] Plaintiff also alleges a cause of action for injunctive and declaratory relief.  The Court will not make a determination on these causes of action at this time, as their viability is contingent on whether or not Plaintiff's other claims survive.

Plaintiff's claim for Defamation, Libel and Slander Per Se is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is allowed to amend his claims dismissed without prejudice **by close of business on Friday, October 28, 2011**.

DATED this 10th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge